IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT A. BEALER and HANNELORE BEALER<br><br>v.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, et al. | CIVIL ACTION<br><br>NO. 16-3181 |
|---|---|

MEMORANDUM RE: CROSS MOTIONS FOR SUMMARY JUDGMENT

I.  Introduction

Robert and Hannelore Bealer initiated this action against Nationwide Mutual Insurance Company alleging that Nationwide improperly refused to defend them in a suit currently pending in Pennsylvania state court (the "Underlying Litigation") brought against the Bealers by William F. Tierney, III.  Presently before this Court are the parties' cross-motions for summary judgment, in which both parties seek a ruling on the extent of Nationwide's duty to defend and/or indemnify the Bealers in the Underlying Litigation.

For the reasons stated below, Nationwide's Motion for Summary Judgment (ECF No. 9) will be granted and the Bealers' Motion for Summary Judgment (ECF No. 10) will be denied.

II.  Factual and Procedural Background

  i.  Background of the Underlying Litigation

Tierney alleges that on September 13, 2013 he entered into an agreement with Mr. Bealer, in Mr. Bealer's capacity as owner of Affordable Homes, for the purchase of a new lot and single family residence.  ECF No. 2, Nationwide's Answer and Counterclaim, Ex. B ("Underlying Complaint") ¶¶ 5-6.  He avers that the property was to be constructed pursuant to a set of plans that Mr. Bealer supplied to him.  Id. ¶ 7.  Tierney moved into the property in early

1

November, 2013, and shortly thereafter Mr. Bealer warned Tierney of the danger that "heavy rains could cause the ground around the foundation [of the home] to settle which would result in hydrostatic pressure." Id. ¶¶ 8-9. Mr. Bealer suggested to Tierney that he backfill the ground around the foundation each time it rains in order to keep water "from going against the foundation walls." Id. ¶ 10. Several months later, in April 2014, it is alleged that Tierney asked Mr. Bealer to come to the property to do this backfill work and that Mr. Bealer did so. Id. ¶ 11.

In May 2014, the basement flooded during a rain storm and thereafter Tierney noticed horizontal cracks on the north and south foundation walls of the basement. Id. ¶¶ 12-13. Experts retained by Tierney to investigate the cause of the cracks determined that there were several structural problems with the basement walls, including: (1) the left side wall "was either not designed to support the amount of fill or it was defectively constructed;" (2) the steel reinforcing rods within the walls did not extend to the height that the building plans indicated they would; and (3) the south wall was improperly reinforced and therefore "[in]capable of resisting the saturated soil pressure, . . . resulting in wall failure." Id. ¶¶ 16, 23-26. Alleging these three structural deficiencies, Tierney brought suit against Mr. Bealer and Affordable Homes in the Court of Common Pleas of Montgomery County, asserting claims for breach of contract, breach of express warranty, breach of implied warranty, negligent hiring and supervision, misrepresentation, and violation of the Unfair Trade Practices and Consumer Protection Law. See id.

### ii. Background of the Instant Litigation

The instant litigation arose out of Nationwide's refusal to defend Mr. Bealer against Tierney's allegations. Mr. Bealer, having been served with the Underlying Complaint, contacted Nationwide and demanded that it provide him a defense under the property insurance policy he

held with them (the "Policy"). ECF No. 1, Notice of Removal, Ex. A ("Bealer Complaint") ¶ 10. Nationwide refused, stating in correspondence dated May 11, 2015 that Tierney's complaint did not allege property damage caused by an "occurrence" and therefore that Nationwide had no duty to defend. Id. ¶¶ 11-12. Following receipt of the coverage denial letter, Mr. Bealer and his wife filed suit in the Court of Common Pleas of Montgomery County, seeking a declaratory judgment that Nationwide was obligated to defend them in the Underlying Litigation. Nationwide removed the case to this Court and now both parties seek summary judgment on the issue of whether Nationwide must defend the Bealers in the Underlying Litigation.

### iii. Insurance Policy Terms

The Bealers entered into property insurance policy MPA 16603D with Nationwide in September 2013, which policy was in effect from September 27, 2013 through September 27, 2014. Id. ¶ 6. The Policy provides for the following:

> "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply." Nationwide's Answer and Counterclaim, Ex. A-1 at 15.[1]

> "This insurance applies to 'bodily injury' and 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'" Id.

> An occurrence is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. at 28.

## III. Legal Standard

### a. Summary Judgment

The standards by which a court decides a summary judgment motion do not change when the parties file cross-motions. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir. 2008).

---

[1] References to ECF No. 2, Nationwide's Answer and Counterclaim, Ex. A-1 cite to the ECF page numbering.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Id. at 255.

There is no factual dispute as to the content of the policy in question; therefore, resolution of these motions is limited to questions of law. The Court must determine whether the Underlying Complaint triggered the Policy's duty to defend and/or indemnify the Bealers. See Niagara Fire Ins. Co. v. Pepicelli, Pepicelli, Watts & Youngs, P.C., 821 F.2d 216, 219 (3d Cir. 1987) (finding that where underlying facts are not in dispute, determination of proper coverage under an insurance contract is a matter of law).

### b. Insurance Policy Coverage

In an action for declaratory judgment where the sole basis for federal jurisdiction is diversity, the court must apply the substantive law of the state in which it sits. See Liberty Mut. Ins. Co. v. Sweeney, 216 F.2d 209, 210 (3d Cir. 1954). Therefore, this Court will apply Pennsylvania law as it applies to insurance coverage. Under Pennsylvania law, "[t]he interpretation of an insurance contract is a question of law that is properly decided by the court." Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997); Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 331 (2006). Courts may therefore dispose of cases on summary judgment where the sole issue concerns the interpretation of the policy.

For purposes of interpreting the terms of insurance policies for a duty to defend and/or

indemnify, the duty to defend is broader than the duty to indemnify. See Gen. Acc. Ins. Co. of America v. Allen, 547 Pa. 693, 706 (1997). The duty to defend is triggered where the underlying complaint makes at least one allegation that falls within the scope of the policy's coverage, even where an insured is ultimately found to be not liable. See id. ("If the complaint against the insured avers facts that would support a recovery covered by the policy, then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover.").

In determining whether the underlying litigation falls within the scope of the insurer's duty to defend, a court must examine only those factual allegations made within the "four corners" of the underlying complaint. See Kvaerner, 589 Pa. at 331 ("[A]n insurer's duty to defend and indemnify [must] be determined solely from the language of the complaint against the insured . . . . [A]n insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint itself."). Coverage is also not triggered by the skill of a plaintiff's pleadings. Rather, courts must look only at those factual allegations in the complaint, not the legal claims, in considering whether a suit falls within the scope of the duty. Mut. Ben. Ins. Co. v. Haver, 555 Pa. 534, 538-39 (1999) ("[T]he particular cause of action that a complainant pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint.").

**IV. Discussion**

    **a. Parties' Contentions**

In its Motion for Summary Judgment, Nationwide argues that it has no obligation to provide a defense or indemnify the Bealers for any defense fees arising out of the Underlying Litigation. The crux of Nationwide's argument is that Tierney's claims sound in faulty

5

workmanship and that the duty to defend is only triggered by claims of property damage caused by an "occurrence", which term does not encompass allegations of faulty workmanship. The Bealers, on the other hand, concede that faulty workmanship claims are not covered by the Policy but argue that the true cause of the property damage at issue is not faulty workmanship but rather third party superseding events, which qualify as an "occurrence" under the Policy. Because the cause of the property damage is in fact an "occurrence", the Bealers aver, the Underlying Litigation does trigger Nationwide's duty to defend.

### b. Analysis

In determining whether Nationwide has an obligation to defend the Bealers in the Underlying Litigation, it is necessary to first consider the terms of the Policy. The Policy imposes the duty to defend on Nationwide for those lawsuits seeking "damages because of 'bodily injury' or 'property damage' to which this insurance applies." Nationwide's Answer and Counterclaim, Ex. A-1 at 15. The Policy goes on to state that it only applies to property damage "caused by an 'occurrence,'" which term is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. at 28.

It is established under Pennsylvania law, and the parties agree, that the term "occurrence" does not encompass faulty workmanship claims. See Kvaerner, 589 Pa. at 335-36 (holding that "the definition of 'accident' required to establish an 'occurrence' . . . cannot be satisfied by claims based upon faulty workmanship [because] [s]uch claims simply do not present the degree of fortuity contemplated by the ordinary definition of 'accident' or its common judicial construction in this context"); Nationwide Mot. at 11; Bealer Mot. at 5.[2] For Nationwide, that ends the matter because in its view all of Tierney's claims are based on faulty workmanship.

---

[2] Because there are no page numbers in the Bealers' Motion, the references to that document in this Memorandum are to the ECF page numbering.

The Bealers, on the other hand, do not focus on the <u>claims</u> asserted in the Underlying Complaint but rather on the <u>cause</u> of the property damage at issue. They assert that any property damage that occurred at the Tierney property "was the result of third party superseding events, specifically the use of and placement of heavy equipment on the real property within the vicinity of the newly constructed home," which they allege compromised the home's construction. Bealer Mot. at 6. The Bealers also note that heavy rains may have caused the damage at issue. <u>Id.</u> at 2. Because they allege that the cause of the property damage was not faulty workmanship but rather "third party superseding events," the Bealers contend that the damage was in fact caused by an "occurrence."

      This argument finds no support in the law. As Nationwide points out in its Response, it is well-established that the determination of the scope of an insurer's duty to defend is based <u>solely</u> on the allegations in the underlying complaint. <u>See</u> <u>Kvaerner</u>, 589 Pa. at 330-31. In <u>Kvaerner</u>, the situation was similar to the instant one. There, the underlying litigation concerned claims of faulty workmanship in the construction of a coke oven battery. <u>Id.</u> at 321-23. The defendant's insurer refused to defend him in the suit because it argued that faulty workmanship claims were not covered by the policy's limitation to property damage caused by an "occurrence." <u>Id.</u> at 323-24. The insured brought a declaratory judgment action in which he submitted expert reports opining that the property damage had not solely been caused by faulty workmanship but rather also was due to torrential rains. <u>Id.</u> at 324-25. On appeal, the Superior Court considered the expert reports and held that because the damage may have been caused by an "occurrence" under the policy, the insurer had a duty to defend. <u>Id.</u> at 327-28. The Pennsylvania Supreme Court reversed, holding that the Superior Court "erred in looking beyond the allegations raised in [the underlying complaint] to determine whether [the insurer] had a duty

to defend . . . and in finding that the [property damage] may have been the result of an 'occurrence.'" Id. at 331. Kvaerner set forth a clear rule in Pennsylvania: "an insurer's duty to defend is triggered, if at all, by the factual averments contained in the complaint itself." Id. (emphasis added).

Indeed, this Court has applied Kvaerner to find that allegations from documents extrinsic to the underlying complaint are outside the scope of review in a duty to defend analysis. See Nationwide Mut. Ins. Co. v. Garzone, Nos. 07-4767, 08-3895, 2009 WL 2996468, at *13-14 (E.D. Pa. Sept. 17, 2009) (holding that plaintiffs' admissions in answer to complaint were irrelevant to the analysis of whether insurer had duty to defend because of Kvaerner's "direct[ion] to exclusively consider the factual allegations in the underlying complaint"). The foregoing leaves no doubt that the Bealers' alternative explanation for the cause of Tierney's property damage is outside the scope of this analysis because it is not pled in the Underlying Complaint. Tierney's factual allegations, spelled out above, are that a failure to properly design and construct the property caused the damage at issue. These are faulty workmanship claims, and the Bealers' attempts to reframe them as based on an "occurrence" due to the "degree of fortuity" involved in the intervening factors that allegedly led to the damage, are unavailing.

The Underlying Complaint contains no claims that could trigger either the duty to defend or the narrower duty to indemnify.

## V.  Conclusion

Because the Underlying Litigation does not allege that the property damage to Tierney's home was caused by an "occurrence" as defined in the Policy, Nationwide has no duty to defend or indemnify the Bealers for legal fees arising out of the Underlying Litigation. Summary Judgment is therefore appropriately granted for Nationwide, and denied for the Bealers.

O:\CIVIL 16\16-3181 Bealer v Nationwide\16-3181 MSJ Memorandum.docx